**Regina K. MOORE, Appellant,**

v.

**The HECHT COMPANY, a corporation, Appellee.**

**No. 8372.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 13, 1961.

Decided Jan. 10, 1962.

Cornelius H. Doherty, Washington, D. C. (Cornelius H. Doherty, Jr., Washington, D. C., on brief), for appellant.

Henry B. Crockett, Alexandria, Va. (Robert L. Watt, Alexandria, Va., on brief), for appellee.

Before SOPER, BOREMAN and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from a judgment of the District Court tried without a jury in which the Court found for the defendant.

 The plaintiff purchased from the defendant, a retail merchant, a pair of bedroom slippers. The slippers were a trademarked item of merchandise packaged in a transparent cellophane wrapper and sold under the trade name "Angel Treads". Although the plaintiff did not open the package containing the shoes she purchased, she did examine similar ones which were lying on the counter. The shoes she purchased were so packaged that the soles were visible through the wrapper and it was, therefore, possible to see that they were of the same texture as those displayed on the counter. The plaintiff testified that she took the slippers home, put them on, and as she stepped from the bedroom into the hall her foot slipped on the hardwood floor and she fell, injuring herself seriously.

The plaintiff's case is bottomed upon the theory that there was an implied warranty from the retailer to the purchaser that the trademarked merchandise in

 

question was fit for the purpose for which it was designed. She relies principally upon the case of Smith v. Hensley, 202 Va. 700, 119 S.E.2d 332 (1961), and we are agreed that this reliance is well founded. In that case, the buyer purchased a trademarked material known as "Cool Roofing" from a dealer. He clearly did not rely upon the representations of the dealer but upon his own knowledge and skill. He used the materials on a number of jobs which he performed for his customers. It proved defective and suits resulted. He was permitted to recover from the seller-dealer, who was not the manufacturer of the product. In its opinion the Virginia Court said: "He (the buyer) contends that the principle applicable under the evidence in this case is that where an article is purchased by its trade or brand name, an implied warranty of * * * fitness of use arises whether or not the buyer relies on the judgment of the seller. We agree with the contentions of the Appellee (buyer)". (At 334 of 119 S.E.2d.)

The existence of an implied warranty will not, however, get the plaintiff home safe in this case, for the trier of fact has failed to find a breach of such a warranty. In its finding of fact the Court said: "Nor is there a showing of a hidden or patent danger in the makeup, construction or design of the slippers. The proof is not sufficient to warrant a finding of such a want of firmness of tread—or the existence of such slickness—in the soles as to render the use of the slippers dangerous."

On this appeal plaintiff's counsel now contends, and ably argues, that plaintiff was walking in a straight line though she was walking at an angle with reference to the face of her bedroom door and that, therefore, there is no evidence in the case from which the Court could conclude that factors other than the "slickness" of the soles of the slippers caused her fall. Unfortunately for this argument, the plaintiff admitted facts to the contrary in the following question and answer: Question by the Court: "I take it, or is it correct to say that you were inclined a little to the

right and, therefore, your feet went as you fell, towards the kitchen and your head went in the other direction?" Answer: "That is right, yes sir."

The weight to be given to the testimony of plaintiff's expert is again a matter for the trier of fact. The fact that the defendant did not offer contradictory evidence is not controlling in that it does not relieve the plaintiff of her burden.

In short the trier of fact reached the conclusion that the plaintiff failed to carry the burden of proving the proximate cause of the injury by the greater weight of the evidence and from the entire record it is not possible for us to say that this was error.

The judgment is therefore affirmed.

Affirmed.